IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

$33,984.00 IN UNITED STATES CURRENCY,

Defendant.

**8:12CV65**

**MEMORANDUM AND ORDER**

This matter is before the court on claimant Eric Bowen's ("Bowen") motion to dismiss and amended motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Filing Nos. 8 and 16. This is an action for forfeiture of assets under the Controlled Substances Act, 21 U.S.C. § 881(a)(6). Filing No. 1. Bowen argues that the government has failed to establish a prima facie case, and the case should be dismissed for failure to state a claim. The government argues that the complaint is sufficiently detailed to establish a prima facie case. The court finds that Bowen's motion for dismissal should be denied.

**FACTS**

The defendant property, $33,984.00 in U.S. Currency, was seized from Bowen on August 29, 2011. Omaha Police Department Officer Hanson (" the officer") stopped the vehicle Bowen was traveling in for failure to signal a lane change. The officer issued a written warning to the driver of the car, and then asked additional questions. The driver of the car gave verbal consent to search the vehicle. During the search, the officers found several small Ziploc baggies, at least one of which contained marijuana residue. Bowen told the officer that the marijuana was for personal use. The officer

also found a scale with marijuana residue and a suitcase with bundles of currency hidden in the liner. Bowen claimed the bag and the money, telling the officer that the bag contained $20,000 that he had received as payment for teaching a hockey clinic in Chicago. The officer seized the money in the suitcase, totaling $33,984. A canine sniff was conducted on the currency in Mr. Bowen's pocket and luggage, and the dog indicated the odor of controlled substances on the money.

**STANDARD OF REVIEW**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-680. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id*. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible

cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

**ANALYSIS**

The Controlled Substances Act provides for forfeiture of assets used in the course of illegal drug trafficking. The United States brings this action for forfeiture under 21 U.S.C. § 881(a)(6). The statute lists as property subject to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6). Marijuana is a Schedule I controlled substance. 21 U.S.C. § 812(a)(17).

Bowen argues that the government must establish probable cause for forfeiture in its complaint. Filing No. 16, Claimant's Brief in Support of Amended Motion to Dismiss, Page ID #60. Bowen argues that the complaint fails prove that Bowen sold drugs or that the money is the result of a sale of drugs, and therefore has failed to establish a prima facie case for forfeiture. *Id.* at Page ID #63. The government argues that it is not required to make a showing of probable cause in its complaint. Filing No. 15, Brief in Response to Claimant's Motion to Dismiss, Page ID #53.

In rem asset forfeiture actions are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supp. Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions R. A(1)(B). These rules are incorporated into the Controlled Substances Act by 21 U.S.C. § 881(d). Rule G(2)(f) states that the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions Rule G. Rule G(8)(b) provides that "In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2)." *Id.* The government is not required to meet, at the pleading stage, "its ultimate trial burden." *United States v. U.S. Currency, in Amount of $150,660.00*, 980 F.2d 1200, 1204-05 (8th Cir. 1992).

The government's burden of proof at trial is to "establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). "If the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

"[B]undling and concealment of large amounts of currency, combined with other suspicious circumstances, supports a connection between money and drug trafficking." *United States v. $124,700 in U.S. Currency*, 458 F.3d 822, 826 (seven bundles of currency found in a cooler in a large plastic bag wrapped in rubber bands inside aluminum foil packaging). Concealing large amounts of currency, lying about

possession of currency, and possessing materials associated with drug trade are evidence of connection to drug trafficking. *United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005)

Under Rule G of the Supplementary Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, the complaint in an in rem asset forfeiture action must state sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Accepting the facts in the complaint as true, the court finds that the facts alleged in the complaint, Filing No. 1, support a reasonable belief that the government will be able to establish a substantial connection between the seized currency and the sale of marijuana by a preponderance of the evidence in order to meet its burden of proof at trial.

THEREFORE, IT IS ORDERED:

1. Bowen's motion to dismiss and amended motion to dismiss, Filing Nos. 8 and 16, are denied. The claimant is given 20 days to file an answer.

2. Plaintiff's motion to strike claimant's motion to dismiss for failure to state a claim, Filing No. 11, is denied as moot pursuant to Filing No. 14, Claimant's Verified Claim to Property.

Dated this 14th day of June, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge