# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV65 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| $33,984.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ERIC BOWEN, | ) | |
| | ) | |
| Claimant. | ) | |

This matter is before the court on the plaintiff's Motion to Strike (Filing No. 24). The plaintiff filed a brief (Filing No. 26) and an index of evidence (Filing No. 25) in support of the motion. Specifically, the plaintiff seeks an order striking Eric Bowen's (Bowen) Answer and Claim based on his failure to participate in discovery or appear for a deposition in this matter. Bowen did not respond to the motion.

The plaintiff seeks to have the Answer and Claim stricken pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which authorizes a court to enter sanctions against a party who fails to obey a discovery order. See Fed. R. Civ. P. 37(b)(2)(A). The plaintiff relies on the court's April 18, 2012, Order for Progression of Forfeiture Case, which states, "[t]he parties may now commence discovery." See Filing No. 10.

A general discovery order allowing the parties to engage in discovery is insufficient to impose sanctions as "an order to provide or permit discovery" within the meaning of Rule 37(b)(2). See *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1339 (9th Cir. 1985) (noting "a blanket directive to comply with the discovery rules" may be insufficient under Rule 37(b)(2)). Although "the definition of 'order' in Rule 37(b) has been read broadly, . . . Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992); see *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379-80 (9th Cir.

1988) (noting "order" would not be broadly interpreted to include *any* order relating to discovery); *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) ("To imply an order to compel discovery from . . . [implied orders or general discovery] documents would be fanciful."); *United States v. Nat'l Med. Enters.*, 792 F.2d 906, 912 (9th Cir. 1986) ("The precise issue . . . is not whether the conduct leading to the orders was improper, but rather whether the . . . orders gave clear notice that the conduct found . . . would result in a dismissal of the action.").

> The proposition that an order to answer specific deposition questions can be implied from such a blanket directive-a directive which does not mention the subject matter inquired into-is inconsistent with both the structure and language of Rule 37 and unsupported by any respectable authority. Mindful of the "strong policy favoring disposition of cases on the merits," we are especially reluctant to read a specific order by implication into such general language when the sanction sought is dismissal.

*R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15-16 (1st Cir. 1991) (internal citation omitted).[1]

Accordingly, the court will treat the plaintiff's motion not as a motion seeking sanctions under Rule 37(b)(2), but as a preliminary motion seeking an order to compel the claimant's deposition under Rule 37(a). Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance). However, "[a] party who wants to depose a person by oral questions must give reasonable written

---

[1] Instead of following the protocol limned in Rule 37, that is, . . . seeking an order to compel [party] to respond to the questions and to pay the expenses ancillary thereto, [movant's] counsel elected to bypass Rule 37(a) and seek immediate dismissal of the suit. In the circumstances at bar, that was tantamount to a ball player sprinting from second base to home plate, without bothering to round, let alone touch, third base. Under such circumstances, the district court's premature resort to Rule 37(b)(2) cannot be upheld.

*R.W. Int'l Corp.*, 937 F.2d at 15.

notice to every other party." Fed. R. Civ. P. 30(b)(1). Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default judgment entered. Fed. R. Civ. P. 37(b)(2)(A).

In this case, the plaintiff's counsel states that she attempted to negotiate with Bowen by letter on two occasions to determine an agreed-upon date and time for Bowen to appear in her office for a deposition. **See** Filing No. 26 - Brief p. 2. When Bowen did not respond to the letters, the plaintiff filed a Notice of Deposition Duces Tecum, giving Bowen reasonable written notice of the scheduled deposition. **See** Filing No. 21 (setting deposition for September 21, 2012); Filing No. 22 (rescheduling deposition for October 16, 2012). The plaintiff sent notice of the deposition to Bowen at the address Bowen provided to the court on his Claim and Answer. *Id.* Bowen did not appear at the scheduled deposition or contact plaintiff's counsel. **See** Filing No. 25-1 - Svoboda Aff. ¶¶ 9-11; Filing No. 25-5 Ex. D Depo. Tr.

The court finds the plaintiff gave the claimant reasonable written notice of the deposition after the plaintiff attempted to confer about the date for the deposition. The claimant failed to appear at the noticed deposition. Despite proceeding without the assistance of legal counsel, Bowen is "bound by and must comply with all local and federal procedural rules." **See** NEGenR 1.3(g). Bowen has not given any information about why he failed to appear. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Strike (Filing No. 24) is deemed a Motion to Compel and is granted.

2. Eric Bowen shall present himself for deposition to be rescheduled at the convenience of the parties counsel **on or before January 18, 2013**, or show cause why his Answer and Claim should not be stricken for failure to comply with this court's orders.

3. The deadline for the parties to prepare a proposed final pretrial conference order in accordance with NECivR 16.2 and submit it to the assigned magistrate judge is extended until after resolution of the plaintiff's motion.

Dated this 27th day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge