IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV65 |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| $33,984.00 IN UNITED STATES CURRENCY, | ) ) ) | |
| Defendant, | ) ) | |
| ERIC BOWEN, | ) ) | |
| Claimant. | ) | |

    This matter is before the court on the plaintiff's Motion to Strike (Filing No. 33). The plaintiff seeks an order striking the claimant Eric Bowen's (Bowen) the Answer and Claim based on his repeated failures to appear for depositions and respond to court orders in this matter. The plaintiff seeks to have the Answer and Claim stricken pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which authorizes a court to enter sanctions against a party who fails to obey a discovery order. See Fed. R. Civ. P. 37(b)(2)(A). The plaintiff specifically relies on the court's January 29, 2013, Order. See Filing No. 32.

    The April 18, 2012, Order for Progression of Forfeiture Case allowed the parties to commence discovery. See Filing No. 10. The plaintiff's counsel attempted to negotiate with Bowen by letter on two occasions to determine an agreed-upon date and time for Bowen to appear in her office for a deposition. See Filing No. 26 - Brief p. 2. When Bowen did not respond to the letters, the plaintiff filed a Notice of Deposition Duces Tecum, giving Bowen reasonable written notice of the scheduled deposition. See Filing No. 21 (setting deposition for September 21, 2012); Filing No. 22 (rescheduling deposition for October 16, 2012). The plaintiff sent notice of the deposition to Bowen at the address Bowen provided to the court on his Claim and Answer. *Id.* Bowen did not appear at the scheduled deposition or contact plaintiff's counsel. See Filing No. 25-1 - Svoboda Aff. ¶¶ 9-11; Filing No. 25-5 Ex. D Depo. Tr. Bowen failed to provide the court with any information about why he failed to appear.

On November 27, 2012, the court granted the plaintiff's motion to compel Bowen to attend a deposition.  **See** Filing No. 27.  The court reminded Bowen that despite his proceeding without the assistance of legal counsel, he was "bound by and must comply with all local and federal procedural rules."  **See** NEGenR 1.3(g).  The court gave Bowen until January 18, 2013, to present himself for a deposition or show cause why his Answer and Claim should not be stricken.  *Id.*  In November and December, 2012, the plaintiff's counsel sent Bowen two letters attempting to schedule a deposition.  **See** Filing No. 30 - Svoboda Aff. ¶¶ 11-12.  Bowen did not respond.  *Id.* ¶ 13.  On December 11, 2012, the plaintiff's counsel served, by certified mail, a notice of deposition scheduling the deposition for January 8, 2013.  *Id.*  A person at Bowen's address signed for the mail.  *Id.*  Bowen did not appear at the scheduled deposition or attempt to reschedule.  *Id.* ¶¶ 13-14.  On January 29, 2013, the court entered an order requiring Bowen to show cause why his Answer and Claim should not be stricken pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with this court's orders.  **See** Filing No. 32.  Bowen did not respond to the court's order.  The plaintiff now seeks an order striking Bowen's Answer and Claim.

Depositions are governed by Federal Rule of Civil Procedure 30.  Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance).  However, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).  Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "The court where the action is pending may, on motion, order sanctions if:  (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ."  Fed. R. Civ. P. 37(d)(1)(A).  Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or

2

to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default entered. Fed. R. Civ. P. 37(b)(2)(A).

In addition to a willful or intentional failure to provide discovery, the court finds Bowen's conduct is evidence of a persistent pattern of delay causing prejudice to the plaintiff. See *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009); see also *In re O'Brien*, 351 F.3d 832, 839-40 (8th Cir. 2003); *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (noting dismissal for sanction appropriate after finding the party's failure to provide discovery in compliance with court order was deliberate or in bad faith); *Laclede Gas Co. v. G. W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir. 1979) (noting court authority to use dismissal of claims as a sanction for failure to provide discovery and failure to obey court order). The court finds Bowen's failure to provide requested discovery does prejudice the plaintiff's presentation of the case and ability to defend against his claims on the defendant currency. Furthermore, Bowen's failure to provide discovery as required by court order is deliberate. Under such circumstances, the court finds the appropriate remedy is to strike the non-compliant party's pleadings. Upon consideration,

**IT IS RECOMMENDED[1] TO DISTRICT JUDGE JOSEPH F. BATAILLON:**

1.  The plaintiff's Motion to Strike (Filing No. 33) be granted.
2.  The Clerk of Court be ordered to strike Bowen's Answer (Filing No. 20) and Claim (Filing No. 14), and make a Clerk's entry of default against Eric Bowen. The entry of default be set aside, upon appropriate written motion, if Eric Bowen provides the previously requested discovery, prior to entry of default judgment.

Dated this 27th day of February, 2013.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

3